IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:03-CR-195-FL
NO. 5:07-CV-83-FL

| | |
|---|---|
| AL JAMES SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Petitioner Al James Smith (hereinafter "petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter came before the court on the motion to dismiss or in the alternative for summary judgment (DE # 56)[1], pursuant to Federal Rule of Civil Procedure 56, of respondent the United States of America (hereinafter "respondent"). The matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

STATEMENT OF CASE

On December 10, 2003, petitioner was convicted of making a false statement in acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A), and conspiracy to engage in the business of dealing in firearms

---

[1] Because respondent attached matters that are outside of the pleadings, respondent's motion will be treated as a motion for summary judgment.

without a license in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A). On March 15, 2004, he was sentenced to a two hundred ninety-three (293) month term of imprisonment.

Following his sentencing, petitioner filed a direct appeal to the Fourth Circuit Court of Appeals. The Court of Appeals affirmed petitioner's conviction on November 3, 2005. See United States v. Smith, 153 F. App'x 187, 2005 WL 2888227 (4th Cir. Nov. 3, 2005) (unpublished). Petitioner then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on February 27, 2006. See Smith v. United States, 546 U.S. 1221 (2006). Then, on February 26, 2007, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. After receiving petitioner's § 2255 petition, the court informed him that he had filed his petition on the incorrect form. Petitioner thereafter was provided the correct form and instructed to return the completed form to the court for filing. Petitioner complied with this order and re-filed his § 2255 petition on March 19, 2007. As grounds for error, petitioner alleges six ineffective assistance of counsel claims.

Respondent filed a motion for summary judgment on June 21, 2007, arguing that petitioner's ineffective assistance of counsel claims are without merit. Petitioner responded to respondent's motion on August 6, 2007, and he filed a supplemental response on August 15, 2007.

## DISCUSSION

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

II. Analysis

Petitioner alleges that his trial counsel was ineffective for the following reasons: (1) failing to challenge the sufficiency of petitioner's indictment; (2) waiving petitioner's right to a speedy trial without his consent; (3) failing to move for a continuance when the second superceding indictment was issued; (4) failing to interview and investigate witnesses; (5) failing to challenge the search of petitioner's residence; and (6) failing to challenge petitioner's sentencing enhancements under the Armed Career Criminal Act (hereinafter "ACCA"), 18 U.S.C. § 924(e). To establish ineffective assistance of trial counsel, a petitioner must show that his counsel acted unreasonably and that, but for counsel's unreasonable performance, there is a reasonable probability that the outcome at trial would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Where a petitioner fails to make a showing that counsel performed unreasonably, the court need not address whether counsel's performance prejudiced the defense. Id.

"Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. In evaluating whether counsel acted reasonably "[e]very effort [must] be made to eliminate the destroying effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. A court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In other

3

words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

A. Failure to Challenge Sufficiency of Indictment

Petitioner's first ineffective assistance of counsel claim is based upon his assertion that his trial counsel failed to challenge the sufficiency of his indictment. In support of his claim, petitioner argues that the government lacked probable cause to indict him because the only evidence it relied upon was the uncorroborated testimony of petitioner's cousin.

The Fourth Circuit has held that a defendant who has been found guilty beyond a reasonable doubt may not challenge the sufficiency of his indictment because the finding of guilty " 'demonstrates *a fortiori*' that there was probable cause to charge him in the first place." Jackson v. United States, 473 F. Supp. 2d 640, 644 (4th Cir. 2006) (quoting United States v. Mechanik, 475 U.S. 66, 73 (1986)). At trial, petitioner was found to be guilty beyond a reasonable doubt. Because petitioner may not succeed on the merits of the claim underlying his ineffective assistance of counsel claim, his ineffective assistance of counsel claim is without merit. See Jackson, 473 F. Supp. at 644 (finding no ineffective assistance of counsel where petitioner could not successfully challenge the merits of his indictment). Accordingly, petitioner is unable to establish the objective prong of the Strickland test because he is unable to show that his counsel's performance was unreasonable. Even if petitioner was able to establish the objective prong of the Strickland test, his claim still must fail because he is unable to show prejudice. As a result, petitioner's first ineffective assistance of counsel claim is without merit.

B. Waiver of Right to Speedy Trial Without Petitioner's Consent

In his second ineffective assistance of counsel claim, petitioner argues that his trial counsel denied him his rights under the Due Process Clause of the United States Constitution because he

4

waived petitioner's right to a speedy trial without his consent. The United States Supreme Court has identified four factors that should be balanced when determining whether a defendant was denied the right to a speedy trial. See Barker v. Wingo, 407 U.S. 514, 530 (1972). To establish a constitutional violation of the right to a speedy trial, a petitioner must establish the following: (1) that the delay was uncommonly long; (2) that the reason for the delay was unreasonable; (3) that the defendant asserted his right to a speedy trial; and (4) that prejudice resulted to the defendant. Id.

Respondent contends that petitioner's counsel agreed to a continuance in order to prepare for petitioner's trial. (Resp't.'s Mem. Ex. A ¶¶ 29 and 30). Trial, in this case, was originally set for September 29, 2003. The government moved for a continuance on September 23, 2003, on the grounds that defendant recently requested additional discovery and that the parties were currently in plea negotiations. Petitioner's counsel consented to the continuance and agreed that the resulting delay would be excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161 (h)(8)(A). Trial then was held on December 8, 2003. Petitioner has not presented any evidence that he was prejudiced by this delay. Instead, the evidence in the records demonstrates that it was reasonable for petitioner's counsel to agree to a continuance because he recently had obtained discovery and was involved in plea negotiations.

Because petitioner is unable to establish that his counsel's actions constitute grounds for a speedy trial claim, he is unable to establish the objective prong of the Strickland test. Even if petitioner was able to establish the objective prong of the Strickland test, his claim still must fail because, as stated, he is unable to show prejudice. As a result, petitioner's second ineffective assistance of counsel claim is without merit.

5

C. <u>Failure to Move for a Continuance</u>

In his third ineffective assistance of counsel claim, petitioner asserts that his trial counsel was ineffective because he failed to move for a continuance after petitioner's second indictment was issued. Petitioner states that the second indictment was filed the day before trial. The court's docket reflects that petitioner's original indictment was issued on June 30, 2003, and two subsequent superceding indictments were filed on October 22, 2003 and November 25, 2003. Neither superceding indictment was filed on the eve of the December 8, 2003 trial. Instead, trial counsel had nearly two weeks from the latest superceding indictment to prepare for trial. Additionally, petitioner's trial counsel did in fact receive additional time to prepare for trial when he consented to a request from the government for a continuance between the issuance of the two superceding indictments.[2] Petitioner's counsel attested to the fact that the time provided was adequate to prepare for trial and that he had ample time to discuss the case with petitioner. (Resp't.'s Mem. Ex. A ¶¶ 34-48.) Petitioner has not presented any evidence that his counsel was unprepared to represent him at trial or that the outcome would have been different had trial counsel requested a continuance. Accordingly, petitioner is unable to establish either the objective or subjective prong of the <u>Strickland</u> test. As a result, petitioner's third ineffective assistance of counsel claim is without merit.

D. <u>Failure to Interview and Investigate Witnesses</u>

In his fourth ineffective assistance of counsel claim, petitioner claims that his trial counsel rendered ineffective assistance because he failed to interview and investigate certain witnesses identified by petitioner. The minimum standard for effective assistance of counsel includes appropriate investigations, both legal and factual, to determine if a defense can be developed. <u>Sneed</u>

---

[2] Ironically, the basis for petitioner's previous ineffective assistance of counsel claim is the fact that his counsel consented to this continuance.

6

v. Smith, 670 F.2d 1348, 1353 (4th Cir. 1982). However, an allegation that trial counsel conducted an inadequate investigation does not warrant relief absent a proffer of what favorable testimony the witness would have given. Bassette v. Thomspon, 915 F.2d 932, 940-41 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991). The reasonableness of the investigation is evaluated by an examination of the totality of the circumstances facing the attorney. See Bunch v. Thompson, 949 F.2d 1354, 1363 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992).

Petitioner does not provide any factual support for his claim that his counsel failed to properly investigate witnesses identified by him. Rather, petitioner merely relies on this conclusory allegation to support his claim. Unsupported allegations do not warrant relief. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogated on other grounds by Trest v. Cain, 522 U.S. 87 (1997) ("In order to obtain an evidentiary hearing on an ineffective assistance claim--or for that matter on any claim--a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Accordingly, petitioner is unable to establish the objective prong of the Strickland test because he is unable to show that his counsel's performance was unreasonable. Even if petitioner was able to establish the objective prong of the Strickland test, his claim still must fail because he is unable to show prejudice. As a result, petitioner's fourth ineffective assistance of counsel claim is without merit.

### E. Failure to Challenge the Search of Petitioner's Residence

In his fifth ineffective assistance of counsel claim, petitioner asserts that his trial counsel was ineffective because he failed to challenge the warrantless search of petitioner's residence and should have moved to suppress the two North Carolina photo identification cards that were obtained from the search. The Fourth Amendment of the United States Constitution confers upon citizens a

7

constitutional right to protection against unreasonable search and seizure. See Katz v. United States, 389 U.S. 347, 357 (1967). Warrantless searches are *per se* unreasonable, absent a valid exception such as voluntariness. United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973)).

Petitioner argues that his girlfriend, Elizabeth Williams, did not consent to the search of his residence. (Pet.'s Decl. in Opp. to Resp't.'s Summ. J. Ex. A.) In support of this allegation, petitioner submitted a post-trial affidavit by Ms. Williams stating that she did not consent to the search. Id. However, petitioner has presented no evidence that Ms. Williams communicated this statement to petitioner's counsel when counsel conducted his investigation of the circumstances surrounding the search of petitioner's residence. Accordingly, petitioner has not demonstrated that his counsel acted unreasonably because he has not demonstrated that his counsel's actions at the time of trial were objectively unreasonable.

Petitioner alternatively argues that Ms. Williams did not have the apparent authority to consent to the search of his residence. When voluntariness is an issue, the person giving consent must have the authority or apparent authority to do so. See Illinois v. Rodriquez, 497 U.S. 177, 181, 188 (1990). The issue of consent must be adjudged using the objective standard of whether the facts available to the officer at the time would justify a person of reasonable caution in believing that the consenting party had authority over the item. Rodriquez, 497 U.S. at 188 (citing Terry v. Ohio, 392 U.S. 1, 21-22 (1968)).

Petitioner's trial counsel states that he investigated the circumstances surrounding the search of petitioner's residence, including an interview with Ms. Williams, and determined that Ms. Williams voluntarily consented to the search. (Resp't.'s Mem. Ex. A. ¶¶ 71-74.) He also determined

8

that the facts and circumstances surrounding the search supported a conclusion that Ms. Williams had apparent authority to consent to the search. (Id. Ex. A. ¶¶ 75 and 77.) Petitioner has not presented any evidence to refute this evidence. Therefore, petitioner has not demonstrated that his counsel acted unreasonably by not challenging the search on the basis that Ms. Williams voluntarily consented to the search and had the apparent authority to do so.

Even if petitioner was able to establish the objective prong of the Strickland test, his claim still must fail because he is unable to show prejudice. For instance, petitioner has not provided any evidence to establish that the outcome of his trial would have been different if the identification cards had been suppressed. Instead, the record establishes that there was ample evidence, outside of the identification cards, to convict petitioner of the crimes charged. See United States v. Smith, 153 F. App'x at *3. Such evidence includes the testimony of his co-conspirator that he sold firearms with petitioner. Because petitioner is unable to establish either the objective nor the subjective prongs of the Strickland test, his fifth ineffective assistance of counsel claim is without merit.

F.  Armed Career Criminal

In his remaining ineffective assistance of counsel claim, petitioner asserts that his trial counsel was ineffective because he failed to challenge the enhancement of his sentence under the ACCA. The ACCA provides that a person "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another" qualifies as an armed career criminal. See 18 U.S.C. § 924(e)(1).

Petitioner claims that his trial counsel should have objected to the use of petitioner's 1982 second-degree burglary conviction as an enhancement under the ACCA because it occurred outside

9

of the fifteen-year time limit of U.S.S.G. § 4A1.2(e)(3). When computing a defendant's prior criminal history, the United States Sentencing Guidelines count "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense" § 4A1.2(e)(1). The ACCA, however, does not contain the same temporal restrictions on prior felonies as those found in § 4A1.2(e)(3). United States v. Presley, 52 F.3d 64, 69-70 (4th Cir. 1995). Therefore, the 1982 second-degree burglary conviction was not time-barred under the ACCA.

In addition to his time-bar argument, petitioner argues that his trial counsel should have objected to his burglary conviction on the grounds that neither petitioner or his co-defendant committed the crime. The United States Supreme Court has held that a petitioner may not collaterally attack a prior state court conviction used to enhance his federal sentence. Daniels v. United States, 532 U.S. 374, 382 (2001); Custis v. United States, 511 U.S. 485, 497 (1994). The only exception to this rule occurs when the prior state court conviction was obtained in violation of the right to counsel. Daniels, 532 U.S. at 382. Here, petitioner does not allege that he did not have counsel when he was convicted of the burglary charge; rather, he contests the merits of the underlying conviction. This is not permitted during the federal sentencing proceedings. Id. Therefore, petitioner's counsel did not err when, after conducting a thorough investigation of petitioner's conviction, he found that the conviction was properly included as a violent felony under the ACCA and decided not to make an objection. Because this conviction was properly counted under the ACCA, petitioner has not met his burden to establish that his counsel's performance was unreasonable.

10

Petitioner also claims that his counsel should have objected to the use of his conspiracy to commit robbery with a dangerous weapon conviction because it does not qualify as a crime of violence under the ACCA. The Sentencing Guidelines define a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The term crime of violence includes robbery and conspiracy to commit robbery. See id., comment, n.1.

Petitioner states that his conspiracy conviction did not qualify as a crime of violence because he did not receive a term of imprisonment exceeding twelve (12) months. Rather, petitioner only was sentenced to a term of ten (10) to (12) months. Additionally, petitioner argues that his counsel should have contested this conviction because his sentence was suspended and he did not serve any term of imprisonment.

Under the sentencing guidelines, it is the term of imprisonment a defendant could have received, and not the term of imprisonment that he did receive, that governs whether a felony conviction is punishable by a term of imprisonment exceeding one year under § 4B1.2(a)(2). United States v. Jones, 195 F.3d 205, 206-07 (4th Cir. 1999). Petitioner's counsel discovered through his own research that petitioner's conviction for conspiracy to commit robbery with a dangerous weapon was classified as a class H felony at the time he was convicted and that it was punishable with a thirty (30) month maximum term of imprisonment. (Resp't.'s Mem. Ex. A ¶ 91.); see also State v. Smith, No. 00-CRS-51692 (Cumberland Cty. Apr. 30, 2001) (copy of judgment attached to this order). Because petitioner's conviction was punishable with a thirty (30) year term of imprisonment, it meets the ACCA's crime of violence definition which requires that a conviction be for a term of

11

imprisonment exceeding one year. Accordingly, petitioner is unable to establish the objective prong of the Strickland test because he is unable to show that it was unreasonable for his counsel to challenge his conspiracy conviction. Even if petitioner was able to establish the objective prong of the Strickland test, his claim still must fail because he is unable to show prejudice. As a result, petitioner's final ineffective assistance of counsel claim is without merit.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 56) is GRANTED, and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 49) is DENIED. The Clerk of Court is DIRECTED to include as part of this record a copy of the April 30, 2001 judgment from State v. Smith, No. 00-CRS-51692 (Cumberland Cty. Apr. 30, 2001). The Clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of October, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge

**STATE OF NORTH CAROLINA**

CUMBERLAND County    FAYETTEVILLE    Seat of Court

NOTE: (This form is to be used for (1) felony offense(s), and (2) misdemeanor offense(s), which are consolidated for judgment with any felony offense(s). Use AOC-CR-310 for DWI offense(s).)

File No. 00CRS051692

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**STATE VERSUS**

Name Of Defendant: SMITH, AL JAMES
Race: I     Sex: M     DOB: 01/07/1959

Attorney For State: COX, RITA
☐ Def. Found Not Indigent  ☐ Def. Waived Attorney
Attorney For Defendant: LUEDEKA, JEFF    ☒ Appointed  ☐ Retained

**JUDGMENT SUSPENDING SENTENCE - FELONY**
☒ IMPOSING AN INTERMEDIATE PUNISHMENT
☐ IMPOSING A COMMUNITY PUNISHMENT
(STRUCTURED SENTENCING)
G.S. 15A-1341, -1342, -1343, -1343.2, -1346

The defendant  ☒ pled guilty to:  ☐ was found guilty by a jury of:  ☐ pled no contest to:

| File No.(s) | Off. | Offense Description | Offense Date | G.S. No. | F/M | CL. |
|---|---|---|---|---|---|---|
| 00CRS051692 | 91 | CONSPIRACY TO COMMIT COMMON LAW ROBBERY | 01/09/2000 | COMMON LAW | F | H |

The Court:
☒ 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be __14__   PRIOR RECORD LEVEL:  ☐ I  ☐ II  ☐ III  ☒ IV  ☐ V  ☐ VI
☐ 2. makes no prior record level finding because none is required.

The Court: (NOTE: Block 1 or 2 MUST be checked):
☒ 1. makes no written findings because the prison term imposed is within the presumptive range of sentences authorized under G.S. 15A-1340.17(c).
☐ 2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
☐ 3. makes the Findings of Extraordinary Mitigation set forth on the attached AOC-CR-606.
☐ 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
☐ 5. finds enhanced punishment from a Class A1 or Class 1 misdemeanor to a Class I felony.
    ☐ G.S. 90-95(e)(3) (drugs);  ☐ G.S. 14-3(c) (hate crime).
☐ 6. imposes the punishment pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.
☐ 7. finds the above designated offense(s) is a reportable conviction involving a minor. G.S. 14-208.6.
☐ 8. finds the defendant is classified as a sexually violent predator. G.S. 14-208.20.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was freely, voluntarily, and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant be imprisoned for a minimum term of __10__ months for a maximum term of __12__ months in the custody of N.C. DOC.
☐ This sentence shall run at the expiration of sentence imposed in file number ____
The defendant shall be given credit for __1__ days spent in the confinement prior to the date of this Judgment as a result of this charge(s) to be applied toward the ☒ sentence imposed above. ☐ imprisonment required for special probation set forth on AOC-CR-603, Page Two.

**SUSPENSION OF SENTENCE**

☒ With  ☐ Without* the consent of the defendant and subject to the conditions set out below, the execution of this sentence is suspended and the defendant is placed on  ☒ supervised  ☐ unsupervised probation for __24__ months.
(*NOTE: For offenses committed on or after January 1, 1997, per repeal of 15A-1341(c), defendant's consent is not needed.)
☐ 1. The Court finds that a  ☐ longer  ☐ shorter period of probation is necessary than that which is specified in G.S. 15A-1343.2(d).
☐ 2. The Court finds that it is NOT appropriate to delegate to the Division of Adult Probation and Parole in the Department of Correction the authority to impose any of the requirements in G.S. 15A-1343.2(e) if the offender is sentenced to a community punishment, G.S. 15A-1343.2(f) if the offender is sentenced to an intermediate punishment.
☐ 3. The above period of probation shall begin when the defendant is released from incarceration in the case referred to below.
☐ 4. The above period of probation shall begin at the expiration of the sentence in the case referred to below.
(NOTE: List file number, date, county and court in which prior sentence imposed.)

| File Number | Offense | County | Court | Date |
|---|---|---|---|---|
|  |  |  |  |  |

☐ 5. The defendant shall comply with the conditions set forth in file number ____

**MONETARY CONDITIONS**

The defendant shall pay to the Clerk of Superior Court the "Total Amount Due" shown below, plus the probation supervision fee, pursuant to a schedule  ☒ determined by the probation officer.  ☐ set out by the court as follows:

| Costs | Fine | Restitution* | Attorney's Fee | Community Service Fee | Total Amount Due |
|---|---|---|---|---|---|
| $ 120.00 | $ 0.00 | $ 0.00 | $ 1,430.00 | $ 100.00 | $ 1,650.00 |

See attached "Restitution Worksheet, Notice And Order (Initial Sentencing)," AOC-CR-611, which is incorporated by reference.
☐ All payments received by the clerk shall be distributed pro rata among the persons entitled to restitution in this priority: first among all G.S. 7A-304(d) priorities ☐ and before payment of community service and probation supervision fees.
☐ Upon payment of the "Total Amount Due", the probation officer may transfer the defendant to unsupervised probation.

AOC-CR-603, Rev. 2/2000
©2000 Administrative Office of the Courts

| STATE VERSUS | File No. |
|---|---|
|  | 00CRS051692    51 |

Name Of Defendant
**SMITH, AL JAMES**

## INTERMEDIATE PUNISHMENTS - CONTEMPT

NOTE: Use this page in conjunction with AOC-CR-603, "Judgment Suspending Sentence - Felony"; or AOC-CR-604, "Judgment Suspending Sentence - Misdemeanor(s)"; or AOC-CR-609, "Order On Violation Of Probation Or On Motion To Modify."

In addition to complying with the regular and any special conditions of probation set forth in the "Judgment Suspending Sentence" entered in the above case(s), the defendant shall also comply with the following special conditions of probation and conditions of special probation, which are defined as intermediate punishments by G.S. 15A-1340.11(6).

☐ 1. **Special Probation - G.S. 15A-1351**    ☐ **Contempt - G.S. 15A-1344(e1) and 5A-11(a)**
   ☐ A. Serve an active term of _____ ☐ days ☐ months ☐ hours in the custody of ☐ N.C. DOC. ☐ Sheriff of this County

   ☐ B. The defendant shall report in a sober condition to begin serving his/her term on:

   | Day | Date | Hour | ☐ AM ☐ PM | and shall remain in custody until: | Day | Date | Hour | ☐ AM ☐ PM |
   |---|---|---|---|---|---|---|---|---|

   ☐ C. The defendant shall again report in a sober condition to continue serving this term on the same day of the week for the next _____ consecutive weeks, and shall remain in custody during the same hours each week until completion of the active sentence ordered.
   ☐ D. This sentence shall be served at the direction of the probation officer within _____ ☐ days ☐ months of this judgment.
   ☐ E. Pay jail fees.
   ☐ F. Work release is recommended.
   ☐ G. A DOC substance abuse treatment unit is recommended. G.S. 15A-1351(h). (DART)
   H. Other:

☐ 2. **Residential Program - G.S. 15A-1340.11(8); 15A-1343(b1)(2); 15A-1343(b1)(2a); 15A-1343.1**
   ☐ A. Attend or reside in _____ (name program) residential program for a period of _____ ☐ days, ☐ months, and abide by all rules and after care regulations of that program.
   ☐ B. **IMPACT** - Submit to a period of residential treatment in the Intensive Motivational Program Of Alternative Correction Treatment (IMPACT) on the date and place specified to a facility for a minimum of 90 days or a maximum of 120 days from that date, and abide by all rules and regulations of the program. If the defendant is not certified to be medically fit for program participation or for any other reason is not ordered to submit to imprisonment as provided above, then the defendant shall reappear before the court as directed by the probation officer for a hearing to determine what modifications, if any, should be made to this judgment.
   C. Other:

☒ 3. **House Arrest With Electronic Monitoring - G.S. 15A-1340.11(4a); 15A-1343(b1)(3c)**
   Be assigned to house arrest with electronic monitoring for a period of __45__ ☒ days ☐ months, and submit to electronic monitoring and abide by all rules, regulations and directions of the probation officer, regarding electronic monitoring.
   Other:

☐ 4. **Intensive Supervision Program - G.S.15A-1340.11(5); 15A-1343(b1)(3b); 143B-262(c)**
   Submit to supervision by officers assigned to the Intensive Probation Program established pursuant to G.S. 143B-262(c), for a period of _____ months. (6 to 9 months recommended by the Division of Community Corrections), and comply with the rules adopted by that program.
   Other:

☐ 5. **Day-Reporting Center - G.S. 15A-1340.11(3); 15A-1343(B1)(10); 15A-1340.11(6)**
   Report as directed by the probation officer to the Day Reporting Center for a period of _____ ☐ days, ☐ months, and abide by all rules and regulations of that program.
   Other:

## SPECIAL CONDITIONS FOR SEX OFFENDERS - G.S. 15A-1343(b2)

**NOTE:** *The following are not defined as Intermediate punishments under G.S. 15A-1340.11(6).*

☐ **6. Special Conditions For Sex Offenders, etc. - G.S. 15A-1343(b2)**
The defendant has been convicted of an offense which is a reportable conviction as defined in G.S. 14-208.6(4), or which involves the physical, mental, or sexual abuse of a minor, and must:
1. Register as required by G.S. 14-208.7 if the offense is a reportable conviction as defined by G.S. 14-208.6(4).
2. Participate in such evaluation and treatment as is necessary to complete a prescribed course of psychiatric, psychological, or other rehabilitative treatment as ordered by the court.
3. Not communicate with, be in the presence of, or found in or on the premises of the victim of the offense.
☐ 4. Not reside in a household with any minor because there is evidence of sexual abuse of a minor child in this offense.
☐ 5. Not live in a household with any minor child other than the child(ren) named below, because there is evidence of physical or mental abuse of a minor child in this offense, but the court expressly finds that it is unlikely that the defendant's harmful or abusive conduct will recur and that it would be in the best interests of the named child(ren) to live in the same household as the defendant. *(Name minor child(ren) with whom the defendant may live in the same household.)* _____

6. Other: _____

## OTHER SPECIAL CONDITIONS

☐ **7. Other Special Conditions:**

The above conditions are incorporated in the "Judgment Suspending Sentence" in the above case(s) and made a part thereof.

| Date | Name Of Presiding Judge (Type Or Print) | Signature Of Presiding Judge |
|---|---|---|
| 04/30/2001 | D. JACK HOOKS JR. | *[signed]* |

AOC-CR-603, Page Two, Side Two, Rev. 10/2000
© 2000 Administrative Office of the Courts      Material opposite unmarked squares to be disregarded as

## REGULAR CONDITIONS OF PROBATION - G.S. 15A-1343(b)

The defendant shall: (1) Commit no criminal offense in any jurisdiction. (2) Possess no firearm, explosive device or other deadly weapon listed in G.S. 14-269. (3) Remain gainfully and suitably employed or faithfully pursue a course of study or of vocational training, that will equip the defendant for suitable employment, and abide by all rules of the institution. (4) Satisfy child support and family obligations, as required by the Court. If the defendant is on supervised probation, the defendant shall also: (5) Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer. (6) Report as directed by the Court or the probation officer to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit at reasonable times, answer all reasonable inquiries by the officer and obtain prior approval from the officer for, and notify the officer of, any change in address or employment. (7) Notify the probation officer if the defendant fails to obtain or retain satisfactory employment. (8) At a time to be designated by the probation officer, visit with the probation officer a facility maintained by the Division of Prisons. If the defendant is to serve an active sentence as a condition of special probation, the defendant shall also: (9) Obey the rules and regulations of the Department of Correction governing the conduct of inmates while imprisoned. (10) Report to a probation officer in the State of North Carolina within seventy-two (72) hours of the defendant's discharge from the active term of imprisonment.

## SPECIAL CONDITIONS OF PROBATION - G.S. 15A-1343(b1), 143B-262(c)

The defendant shall also comply with the following special conditions which the Court finds are reasonably related to the defendant's rehabilitation:

☐ 11. Surrender the defendant's drivers license to the Clerk of Superior Court for transmittal/notification to the Division of Motor Vehicles and not operate a motor vehicle for a period of _____ or until relicensed by the Division of Motor Vehicles, whichever is later.

☒ 12. Submit at reasonable times to warrantless searches by a probation officer of the defendant's person, and of the defendant's vehicle and premises while the defendant is present, for the following purposes which are reasonably related to the defendant's probation supervision: ☒ stolen goods ☒ controlled substances ☒ contraband ☐

☒ 13. Not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it; not knowingly associate with any known or previously convicted users, possessors or sellers of any illegal drugs or controlled substances; and not knowingly be present at or frequent any place where illegal drugs or controlled substances are sold, kept or used.

☐ 14. Supply a breath, urine and/or blood specimen for analysis of the possible presence of a prohibited drug or alcohol, when instructed by the defendant's probation officer.

☐ 15. Successfully pass the General Education Development Test (G.E.D.) during the first _____ months of the period of probation.

☒ 16. Complete __50__ hours of community or reparation service during the first __180__ days of the period of probation, as directed by the community service coordinator and pay the fee prescribed by G.S. 143B-475.1(b). ☐ pursuant to the schedule set out under monetary conditions above. ☐ within _____ days of this Judgment and before beginning service.

☐ 17. Report for initial evaluation by _____ participate in all further evaluation, counseling, treatment or education programs recommended as a result of that evaluation, and comply with all other therapeutic requirements of those programs until discharged.

☐ 18. Not assault, communicate with, be in the presence of, or be found in or on the premises of _____

☒ 19. Other:
HOUSE ARREST TO BEGIN 6/1/2001, ABIDE BY A CURFEW SET BY HIS PROBATION OFFICER. DISTRICT ATTORNEY TO PROVIDE REMAINDER OF REST. TO PROBATION OFFICER.

☒ 20. Comply with the Special Conditions Of Probation - Intermediate Punishments - Contempt which are set forth on AOC-CR-603, Page Two.

☒ A hearing was held in open court in the presence of the defendant at which time a fee, including expenses, was awarded the defendant's appointed counsel or assigned public defender.

## ORDER OF COMMITMENT/APPEAL ENTRIES

☐ 1. It is ORDERED that the Clerk deliver two certified copies of this Judgment and Commitment to the sheriff or other qualified officer and that the officer cause the defendant to be delivered with these copies to the custody of the agency named on the reverse to serve the sentence imposed or until the defendant shall have complied with the conditions of release pending appeal.

☐ 2. The defendant gives notice of appeal from the judgment of the Superior Court to the Appellate Division. Appeal entries and any conditions of post conviction release are set forth on form AOC-CR-350.

### SIGNATURE OF JUDGE

| Date | Name Of Presiding Judge (Type Or Print) | Signature Of Presiding Judge |
|---|---|---|
| 04/30/2001 | D. JACK HOOKS JR. | /s/ |

### CERTIFICATION

I certify that this Judgment and the attachment(s) marked below is a true and complete copy of the original which is on file in this case.

☐ 1. Appellate Entries (AOC-CR-350).
☐ 2. Judgment Suspending Sentence, Page Two [Special Conditions Of Probation - Intermediate Punishments - Contempt (AOC-CR-603, Page Two)].
☐ 3. Felony Judgment Findings Of Aggravating And Mitigating Factors (AOC-CR-605).
☐ 4. Extraordinary Mitigation Findings (AOC-CR-605).
☐ 5. Restitution Worksheet, Notice And Order (Initial Sentencing) (AOC-CR-611).

| Date | Signature | |
|---|---|---|
| | | SEAL |

Date Certified Copies Delivered To Sheriff    ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

AOC-CR-603, Side Two, Rev. 2/2000
©2000 Administrative Office of the Courts