IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:03-CR-195-FL
NO. 5:07-CV-83-FL

| | | |
|---|---|---|
| AL JAMES SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to amend his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 73), seeking relief under pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government filed a motion to dismiss (DE 78), to which petitioner responded. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the court dismisses petitioner's motion.

BACKGROUND

On December 10, 2003, petitioner was convicted of making a false statement in acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A), and conspiracy to engage in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A). On March 15, 2004, he was

sentenced to a two hundred ninety-three (293) month term of imprisonment.

Following his sentencing, petitioner filed a direct appeal to the Fourth Circuit Court of Appeals. The Court of Appeals affirmed petitioner's conviction on November 3, 2005. See United States v. Smith, 153 F. App'x 187, 2005 WL 2888227 (4th Cir. Nov. 3, 2005) (unpublished). Petitioner then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on February 27, 2006. See Smith v. United States, 546 U.S. 1221 (2006). Then, on February 26, 2007, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging six ineffective assistance of counsel claims. On October 22, 2007, the court granted the government's motion for summary judgment on petitioner's claims and dismissed the motion. Petitioner appealed the judgment on § 2255 motion, and the court of appeals dismissed the appeal.

On November 4, 2011, petitioner filed the instant motion, claiming he was wrongfully sentenced as an armed career criminal in light of Simmons. The government contends that petitioner's motion for post-conviction relief is barred as successive and untimely, and is without merit.

## DISCUSSION

A. Successive Petition

The relief that is requested in petitioner's pending motions is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the court must recharacterize it as a § 2255 petition. United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir.2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence").

A second or successive petition must be certified by the court of appeals to contain either

2

"newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Winestock, 340 F.3d at 205.

Given that the instant motion attacks the same conviction and sentence as was earlier challenged by petitioner's prior § 2255 motion, it is properly construed as a second or successive § 2255 petition, and this court is without jurisdiction to consider it in the absence of pre-filing authorization. Petitioner is not required to receive notice of the court's re-characterization of the motion as it has been found to be second or successive. See United States v. Brown, 132 F. App'x 430, 431 (4th Cir.2005). Accordingly, petitioner's motion to vacate will be dismissed as successive.

In addition, the court notes that Miller provides no relief to the procedural barriers for petitioner's claims. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. See United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely). In addition, no miscarriage of justice has occurred where petitioner would remain an armed career criminal even applying the rule announced in Simmons, as petitioner has three prior felony convictions for crimes punishable by imprisonment exceeding one year, based upon the offense class, petitioner's prior criminal record, and the applicability of the aggravated sentencing range. Simmons, 649 F.3d at 247 n.9.

B. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because petitioner's post-conviction motion must be dismissed as successive, a certificate of appealability will be denied.

3

**CONCLUSION**

For the foregoing reasons, the court GRANTS the government's motion to dismiss, and DISMISSES petitioner' motion to amend the motion to vacate. A certificate of appealability is DENIED.

SO ORDERED, this 28th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

4