IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:03-CR-195-FL-1

| | |
|---|---|
| AL JAMES SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |
| | ) |

This matter is before the court on petitioner's February 25, 2014, motion under Federal Rule of Civil Procedure 59(e) (DE 91), requesting that the court reconsider its January 28, 2014, order dismissing as successive petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. As the motion is a timely filed motion under Rule 59(e), the court considers the motion under the standard applicable to that rule. See United States v. Winestock, 340 F.3d 200, 203 n. 1 (distinguishing motions under Rule 60(b), which must in some circumstances be converted to § 2255 motions, from motions under Rule 59(e)).

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478

F.3d 634, 637 (4th Cir. 2007). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Petitioner has not provided any basis for reconsideration of the court's January 28, 2014, order. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see Winestock, 340 F.3d at 205. Moreover, petitioner's reference to United States v. Simmons, 649 F.3d 237 (4th Cir.2011), and § 2241, is unavailing. In United States v. Whiteside, 748 F.3d 541 (4th Cir. 2014), a case in which the mandate has been stayed pending petition for rehearing en banc, the court recognized that a petition based on Simmons could be barred as a successive petition, id. 546-47, and the court "expressly [did] not decide whether the savings clause in § 2255(e) might justify relief from a Simmons sentencing error through the filing of a § 2241 petition." Id. at 547 n. 4. Indeed, as noted in Whiteside, the Fourth Circuit has not previously "extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n. 7, 274 (4th Cir.2008). Accordingly, no intervening change in controlling law alters the court's conclusion that petitioner's 2255 motion must be dismissed as a second or successive petition.

CONCLUSION

Based on the foregoing, petitioner's motion to reconsider is DENIED.

SO ORDERED, this the 3rd day of July, 2014.

*[signature: Louise W. Flanagan]*

LOUISE W. FLANAGAN
United States District Judge