IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:03-CR-195-FL-1

AL JAMES SMITH,                        )
                                       )
          Petitioner,                  )
                                       )
     v.                                )          ORDER
                                       )
UNITED STATES OF AMERICA,              )
                                       )
          Respondent.                  )
                                       )

Petitioner, a federal inmate, filed this habeas petition *pro se* pursuant to 28 U.S.C. § 2241.

The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that

the court need not seek a response from the respondent when it is clear on the face of the petition

that petitioner is not entitled to relief.

## BACKGROUND

On December 10, 2003, petitioner was convicted of making a false statement in acquisition

of a firearm in violation of 18 U.S.C. § 922(a)(6), being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1), engaging in the business of dealing in firearms without a license

in violation of 18 U.S.C. § 922(a)(1)(A), and conspiracy to engage in the business of dealing in

firearms without a license in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A). On March 15, 2004,

he was sentenced to a two hundred ninety-three (293) month term of imprisonment.

Following his sentencing, petitioner filed a direct appeal to the Fourth Circuit Court of

Appeals. The Court of Appeals affirmed petitioner's conviction on November 3, 2005. See United

States v. Smith, 153 F. App'x 187 (4th Cir. 2005) (unpublished). Petitioner then filed a petition for

a writ of certiorari to the United States Supreme Court, which was denied on February 27, 2006. See

Smith v. United States, 546 U.S. 1221 (2006). Then, on February 26, 2007, petitioner filed a motion

to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging six ineffective

assistance of counsel claims. On October 22, 2007, the court granted the government's motion for

summary judgment on petitioner's claims and dismissed the motion. Petitioner appealed the

judgment on § 2255 motion, and the court of appeals dismissed the appeal.

On November 4, 2011, petitioner filed a second § 2255 motion, claiming he was wrongfully

sentenced as an armed career criminal in light of United States v. Simmons, 649 F.3d 237 (4th Cir.

2011). The court dismissed the § 2255 motion as successive on January 28, 2014.

In his instant motion, petitioner contends his sentence was improperly enhanced on the basis

of prior state convictions, in light of the recent Supreme Court decision, Johnson v. United States,

135 S.Ct. 2551 (2015).

## DISCUSSION

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality

of, rather than the execution of, his conviction and sentence. The legality of one's conviction and

sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255]

is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial,

115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The Fourth Circuit has examined the prerequisites

for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-

34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a
> conviction when: (1) at the time of the conviction, settled law of this

2

Case 5:03-cr-00195-FL   Document 101   Filed 08/26/15   Page 2 of 4

circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194.

In this case, petitioner is unable to meet the Jones test's three prongs because he has not alleged that the substantive law changed, subsequent to his direct appeal and first § 2255 petition, such that the conduct of which the prisoner was convicted is deemed not to be criminal and that the new rule is not one of constitutional law. See United States v. Surratt, ___ F.3d ___, 2015 WL 4591677 (4th Cir. 2015). Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner has previously filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not shown either of these. Further, § 2255 is not rendered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. In re Jones, 226 F.3d at 333. Therefore, petitioner has failed to satisfy the § 2255 gatekeeping provision.

3

**CONCLUSION**

Based on the foregoing, petitioner's § 2241 petition is DISMISSED without prejudice.

SO ORDERED, this the 26th day of August, 2015.

LOUISE W. FLANAGAN
United States District Judge

4