IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CR-195-FL-1
No. 5:16-CV-274-FL

| | | |
|---|---|---|
| AL JAMES SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 105), which challenges his Armed Career Criminal Act (ACCA) sentencing enhancement in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 113). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On December 10, 2003, petitioner was convicted by a jury of eight counts, comprising false statements in acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6) (counts one, three, five); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (counts two, four, six); dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1) (count seven); and conspiracy to engage in business of dealing in firearms without a license, in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A) (count eight).

Prior to sentencing, the United States Probation Office prepared and published a Presentence Investigation Report ("PSR"), which describes in detail petitioner's background, including his criminal history. Based on petitioner's criminal history, the PSR determined that petitioner was an "armed career criminal" and that his resulting statutory minimum sentence was 10 years for counts two, four, and six, under 18 U.S.C. § 924(e)(1), and that his resulting guidelines range was 235-293 months. (DE 96, ¶¶ 33, 78, 80). The PSR identified three North Carolina felony "breaking and entering" convictions in petitioner's criminal history, one on April 26, 1990; one on March 18, 1996; and one on July 7, 1995. (PSR ¶¶ 19, 31, 36). In addition, the PSR identified a New York felony burglary conviction and a North Carolina conspiracy to commit robbery with a dangerous weapon conviction (Id. ¶¶ 15, 40).

The court sentenced petitioner on March 15, 2004, to a total term of imprisonment of 293 months, a sentence at the high end of the guidelines range determined in the PSR on the basis of petitioner's armed career criminal status. (See DE 44 at 10). Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence on November 3, 2005. See United States v. Smith, 153 F. App'x 187, 192 (4th Cir. 2005).

Petitioner filed a first motion to vacate under § 2255 on February 26, 2007, raising ineffective assistance of counsel claims, which the court denied on October 22, 2007. Petitioner filed a second motion to vacate under § 2255 on November 4, 2011, based upon United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), which the court dismissed as successive and time-barred, on January 28, 2014.

On May 18, 2016, petitioner filed an order of the Fourth Circuit providing authorization to petitioner to file a successive § 2255 motion on the basis that Johnson may apply to this case. On

2

that same date, petitioner filed the instant § 2255 motion, asserting that his prior convictions no longer are valid predicate offenses for his ACCA designation, in light of Johnson. The government moves to dismiss on the ground that petitioner qualifies as an Armed Career Criminal based on petitioner's breaking and entering convictions and burglary conviction, and Johnson does not impact the validity of such predicate convictions.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or the[ ] [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

Johnson invalidated the "residual clause" contained in the definition of "violent felony" in the ACCA. 135 S.Ct. at 2555-56, 2563 (quoting 18 U.S.C. § 924(e)(2)(B)). One of petitioner's predicate convictions identified in the PSR, conspiracy to commit robbery, depended upon such residual clause to count as an ACCA predicate conviction. See United States v. White, 571 F.3d 365,

3

373 (4th Cir. 2009) abrogated by Johnson, 135 S. Ct. 2551 (2015). Therefore, petitioner's conspiracy to commit robbery conviction no longer is a valid predicate conviction to support petitioner's ACCA designation.

Johnson, however, "does not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the [ACCA's] definition of a violent felony." Johnson, 135 S.Ct. at 2563. One of those enumerated offenses that constitutes a "violent felony" under the ACCA is "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). It is well-established in this circuit that the North Carolina offense of breaking and entering qualifies as burglary. See United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014). Accordingly, because petitioner has three predicate convictions for breaking and entering, Johnson has no impact on petitioner's status as an Armed Career Criminal.[1]

Petitioner suggests, nonetheless, that this court should revisit the determination made in Mungro that the North Carolina offense of breaking and entering qualifies as burglary, in light of the Supreme Court's decision in Mathis v. United States, 136 S.Ct. 2243 (2016). In Mathis, the court held that a conviction under Iowa's burglary statute, which covers entry into "any building, structure, or land, water or air vehicle," does not qualify as the enumerated predicate offense of "burglary" under the ACCA. Id. at 2250, 2257.

This argument fails for multiple reasons. First, this argument, which has nothing to do with Johnson, is in effect a separate claim for relief that is procedurally defaulted and time-barred. See 28 U.S.C. § 2255(f); United States v. Frady, 456 U.S. 152, 165 (1982). Indeed, petitioner could have challenged use of his breaking and entering predicates as an objection at sentencing or upon direct review. Second, this court is bound by Mungro, regardless of petitioner's suggestion that its

---

[1] Because the North Carolina breaking and entering convictions qualify as ACCA predicates, the court need not reach the question whether petitioner's New York burglary conviction also qualifies.

4

holding should be revisited.  See 754 F.3d at 268, 272 (holding that the North Carolina offense of "breaking or entering" "qualif[ies] as burglary and, thus, as a predicate offense under the ACCA").

Third, petitioner's argument is without merit, because Mathis is inapposite. The North Carolina breaking or entering statute criminalizes breaking or entering "any building," where "building" is defined to include "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54 (emphasis added).  The Iowa burglary statute at issue in Mathis, by contrast, "reaches a broader range of places: 'any building, structure, or land, water, or air vehicle." 136 S.Ct. at 2250 (quoting Iowa Code § 702.12 (2013)) (emphasis and alterations as in Mathis).  This difference is critical, because a statute criminalizing burglary of a vehicle does not satisfy the generic definition of burglary to qualify as an ACCA predicate.  Id.

In sum, petitioner's challenge to his Armed Career Criminal status is both procedurally barred and without merit.  Therefore, petitioner's § 2255 motion must be dismissed as a matter of law.

C.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. See Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  After reviewing the claims

5

Case 5:03-cr-00195-FL   Document 117   Filed 11/07/16   Page 5 of 6

presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 105) and GRANTS the government's motion to dismiss petitioner's motion to vacate. (DE 113). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of November, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge