IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:03-CR-195-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| AL JAMES SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion to modify presentence investigation report (DE 119), filed July 6, 2020. The government did not respond to the motion.

On December 10, 2003, a jury found defendant guilty of three counts of making false statements in acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), three counts of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), one count of engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), and one count of conspiracy to engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A). Prior to sentencing, United States Probation prepared and published a presentence investigation report ("PSR"), which describes in detail defendant's background, including his criminal history. As relevant here, paragraph 40 of the PSR provides that on April 30, 2001, defendant was convicted of North Carolina conspiracy to commit robbery with a dangerous weapon. (DE 96 ¶ 40). On March 15, 2004, the court sentenced defendant to 293 months' imprisonment and five years' supervised release.

Defendant filed the instant motion to modify his presentence investigation report on July 6, 2020, seeking correction of the PSR's description of the offense in paragraph 40. Defendant

argues the PSR incorrectly described the offense as conspiracy to commit robbery with a dangerous weapon, while state court records demonstrate he was convicted of conspiracy to commit common law robbery. (See DE 119).

Federal Rule of Criminal Procedure 36 provides that "after giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The PSR "constitutes an 'other part of the record' amendable to correction under Rule 36." United States v. Vanderhorst, 927 F.3d 824, 826 (4th Cir. 2019). Furthermore, because defendant alleges the PSR erroneously described the state conviction at the time of publication, the alleged error qualifies as a "clerical error" for purposes of Rule 36. See id.

In light of the foregoing, the court DIRECTS the government to respond to defendant's motion to modify his PSR (DE 119) within **14** days of entry of this order. The government's response shall address whether defendant is entitled to relief under Rule 36 and Vanderhorst. The court notifies defendant that even if paragraph 40 of his PSR ultimately is corrected, his sentence as an armed career criminal remains valid for the reasons set forth in the court's November 7, 2016, order.

SO ORDERED, this the 3rd day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge